O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6076 ODW (RZx) | Date | June 21, 2010 |
|---|---|---|---|
| Title | *Jordan Scott v. Stephenie Meyer, et al.* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings (In Chambers):**   Order GRANTING Motion for Attorney's Fees [23]

Now before the Court is Defendants' Stephenie Meyer ("Meyer"); Little, Brown and Company; Hachette Book Group, Inc.; and Megan Tingley Books (collectively "Defendants") Motion for Attorney's Fees. (Dkt. #23.) Having considered the arguments made in support of this Motion, as well as the fact that the Motion is un-opposed, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court **GRANTS** Defendants' Motion for Attorney's Fees, but reduces the amount requested.

**I.    BACKGROUND**

On August 19, 2009, Plaintiff Jordan Scott ("Plaintiff") filed an action against Defendants claiming that Meyer's book, *Breaking Dawn*, infringed Plaintiff's copyright of her book, *The Nocturne*. (Dkt. # 1.) In response, Defendants' counsel drafted a nine page letter to Plaintiff's counsel detailing the applicable legal standards of a copyright infringement action and contending that Plaintiff's claim lacked merit. (McNamara Declaration "Decl." in Support of Motion "Mtn.," Exhibit "Ex." H.) Defendants' counsel urged Plaintiff to drop the case, but received no reply. (McNamara Decl. ¶ 11.) Defendants then filed a Motion to Dismiss which this Court granted with prejudice on November 24, 2009. (Dkt. #s 15, 20.) This Court found that Plaintiff's and Meyer's works were not substantially similar, and thus no copyright infringement had occurred. (Id.) Pursuant to 17 U.S.C. section 505, Defendants now seek to recover $4,797.57 in costs and $83,878.65 in attorney's fees. (Dkt. # 23.) Plaintiff failed to oppose Defendant's Motion.[1]

**II.   LEGAL STANDARD**

   A.   *Standard for Recovery of Attorney Fees in Copyright Cases*

---

[1] Plaintiff also failed to oppose Defendants' Motion for Reconsideration of the Court's prior Order denying this Motion as untimely (Dkt. # 27).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6076 ODW (RZx) | Date | June 21, 2010 |
|---|---|---|---|
| Title | *Jordan Scott v. Stephenie Meyer, et al.* | | |

The Copyright Act grants the court discretion to determine a prevailing party's recovery of costs and attorney fees in a copyright case. 17 U.S.C. § 505. When making such a determination, the court may consider several nonexclusive factors including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy Inc.*, 510 U.S. 517, 535 n.19 (1994) (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986) ("*Lieb* factors")). The court must also consider the degree of success obtained by the prevailing party. *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994) *overruled on other grounds by Fogerty v. Fantasy Inc*, 510 U.S. at 531-2 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). While the discretion to award fees and costs does not require an explicit finding of bad faith or blameworthiness on behalf of the losing party, any improper motives or "culpability in bringing or pursuing the action" may also influence this determination. *Fantasy, Inc. V. Fogerty*, 94 F.3d 553, 555-58 (9th Cir. 1996). Finally, when applying the above factors, a court must do so while remaining "faithful to the purposes of the Copyright Act" which include not only "[securing] a fair return for an 'author's creative labor," but also the "[stimulation of] artistic creativity for the general public good." *Fogerty v. Fantasy Inc.*, 510 U.S. at 526-7 (quoting *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975)). If an award of fees would not comport with these policies, then fees should not be awarded. *Fantasy, Inc. V. Fogerty*, 94 F.3d at 558.

  B. *Reasonable Fees: Calculating the Lodestar*

A reasonable fee award is initially determined by calculating the "lodestar" figure: the number of hours reasonably expended multiplied by a reasonable hourly rate. *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992); *Hensley v. Eckerhart*, 461 U.S. at 433; *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). At the outset, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d at 1397. "Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied*, *amended on other grounds*, 808 F.2d 1373 (1987).

The determination of the number of hours reasonably expended is also informed by the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and adopted in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975). *See Chalmers v. City of Los Angeles*, 796 F.2d at 1211. The "*Johnson-Kerr*" factors include (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed

Case 2:09-cv-06076-ODW-RZ Document 31 Filed 06/21/10 Page 3 of 6 Page ID #:797

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6076 ODW (RZx) | Date | June 21, 2010 |
|---|---|---|---|
| Title | *Jordan Scott v. Stephenie Meyer, et al.* | | |

by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases, and those that are irrelevant to the particular case need not be considered. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70; *Hensley v. Eckerhart*, 461 U.S. at 363-64. *But see Davis v. City and County of San Francisco*, 976 F.2d 1536, 1546 (9th Cir. 1992), *vacated in part as moot by Davis v. City and County of San Francisco*, 984 F.2d 345 (9th Cir. 1993) (recognizing the irrelevance of the sixth *Johnson-Kerr* factor, and the "doubt[ful] relevance of factor ten).

The lodestar calculation is strongly presumed to yield a reasonable fee. *City of Burlington v. Dague*, 505 U.S. at 562; *Gates v. Deukmejian*, 987 F.2d at 1397. However, a court may depart from the lodestar amount if doing so is "necessary to the determination of a reasonable fee." *City of Burlington v. Dague*, 505 U.S. at 562 (quotations and citation omitted). If the court determines that such departure is necessary, the court must provide a "concise but clear" explanation for the reduction. *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001); *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1047 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. at 437). The Ninth Circuit interprets this language to require "the district court to give at least some indication of how it arrived at the amount of compensable hours for which fees were awarded to allow for meaningful appellate review." *Gates v. Deukmejian*, 987 F.2d at 1398 (quotations omitted). Although "an elaborately reasoned, calculated or worded order" is not required, "and a brief explanation of how the court arrived at its figures will do, something more than a bald, unsupported amount is necessary."

Once the district court has established the number of hours reasonably expended, the court must determine a reasonable hourly rate taking into account "the experience, skill, and reputation of the attorney requesting fees." *Chalmers v. City of Los Angeles*, 796 F.2d at 1210. In making this determination, the district court should look to the rates charged for similar services by comparable lawyers in the relevant community. *Id.* at 1210-11.

**III. DISCUSSION**

    A. *Appropriateness of Attorney's Fees*

Defendants contend their attorney's fees are recoverable because they (1) achieved complete success in defeating Plaintiff's claims; (2) the claims at issue were objectively unreasonable; (3) Plaintiff was motived by an improper purpose in pursuing a meritless infringement claim; and (4) awarding fees would support considerations of compensation and deterrence.

An analysis of the *Lieb* factors counsels in favor of awarding Defendants attorney's fees.

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6076 ODW (RZx) | Date | June 21, 2010 |
|---|---|---|---|
| Title | *Jordan Scott v. Stephenie Meyer, et al.* | | |

Defendants argue that Plaintiff's claims were objectively unreasonable because she failed to withdraw them even after Defendants notified Plaintiff, in a nine page letter, that she did not have sufficient evidentiary basis to maintain her claims and that they would fail under the applicable legal standard. (Mtn. at 11; McNamara Decl., Ex. H.)  As it so happens, this matter was dismissed with prejudice on exactly those grounds.  Because the maintenance of copyright claims for protracted period of time without evidentiary support has in the past been held objectively unreasonable (*Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997)), it seems only appropriate that the Court view Plaintiff's claims as such as well.

While a finding of improper purpose or bad faith is not required to award attorney's fees, it may nevertheless be considered at the court's discretion. *Fantasy, Inc. V. Fogerty*, 94 F.3d at 555-58.  Defendants call the Court's attention to the interesting facts that Meyer's disputed book (and the books preceding it) have been made into major motion pictures, that Plaintiff's complaint was filed shortly before the scheduled release of one of the films, and that the "dispute" surrounding Defendants' alleged infringement was publicized at that point in time. (See Mtn. at 13.)  Although these facts are not dispositive of Plaintiff's bad faith in pursuing her action, when considered under the backdrop of the objective unreasonableness of the claims and the additional fact that the current Motion goes unopposed, the connotations of frivolity are difficult to escape.  By the same token, the awarding of fees in this case would serve goals of deterrence and compensation.  Deterring non-meritorious lawsuits against defendants seen as having "deep pockets" and compensating parties that must defend themselves against meritless claims are both laudible ends.  In this case, Defendants were forced to defend against Plaintiff's claims even after pointing out the fatal flaws from which her lawsuit suffered.

Finally, an award of attorney's fees in this case is consistent with the ultimate purposes of the Copyright Act, and therefore appropriate.  The successful defense against Plaintiff's copyright infringement claims will assure that Meyer's literary work remains available to the public, thus furthering the goal of "stimulat[ing] artistic creativity for the general public good" and perhaps "lead to further creative pieces."  *See Fantasy, Inc. v. Fogerty* 94 F.3d at 559.  Accordingly, the Court is of the opinion that an award of attorney's fees to Defendants in this case is warranted.

   B.   *Reasonableness of Defendants' Attorneys' Fees: Calculating the Lodestar*

Taking into account the *Johnson-Kerr* factors, the Court questions whether a reasonable amount of time was spent defending against Plaintiff's claims.  Defendants' attorneys billed between $26,000 and $32,000 per month for three and a half months, with the exception of their December 2009 bill for $4,034.35. (McNamara Decl., Ex. J.)  Defendants' total attorney's fees incurred in securing the dismissal of Plaintiff's case with prejudice amount to $88, 676.22. (Mtn. at 19.)

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6076 ODW (RZx) | Date | June 21, 2010 |
|---|---|---|---|
| Title | *Jordan Scott v. Stephenie Meyer, et al.* | | |

While Defendants' counsel no doubt expended substantial time in their relatively brief but highly successful litigation of this case, some of the hours billed appear unnecessary or excessive. The Court is particularly concerned about the amount of time that went into the researching and drafting of the nine page letter to Plaintiff's counsel detailing the shortcomings of Plaintiff's infringement claim and the work performed on the Motion to Dismiss. From September 14-18, C. Robinson spent 36.3 hours researching and drafting a brief; presumably the Motion to Dismiss. (McNamara Decl., Ex. J.) However, the nine page letter that was sent to Plaintiff's counsel had already set out the applicable legal standard and applied Plaintiff's purported facts, ultimately urging that Plaintiff drop her complaint. (McNamara Decl., Ex. H.) The hours spent drafting the Motion to Dismiss thus appear partially duplicative. Accordingly, the Court reduces the hours claimed by Defendants' counsel on this task by half (or 18.15 hours).

Another subject of potential excess is the work performed by E McNamara and C. Robinson in relation to a book entitled *Forever Dawn*, including reviewing and drafting correspondence regarding a "request for copyright filing," telephone conversations regarding electronic versions, comparisons between that book and Plaintiff's, and reviewing issues regarding a protective order for that book. (McNamara Decl., Ex. J.) *Forever Dawn* appears to be another unreleased Meyers work. However, nowhere in the Complaint does Plaintiff allege that *Forever Dawn* infringes Plaintiff's copyright. (See Dkt. # 1.) As a result, fees incurred for hours spent performing work related to that book are not appropriate for the award in this case. Because Defendants' counsels accounting for time spent performing these tasks is combined with time spent on tasks appropriately related to this case, the Court simply reduces the hours each of these individuals may claim by two.

Finally, the rates charged by Defendants' counsel do not seem unreasonable in light of each individual's relevant experience, reputation and skill compared to the rates charged by comparable lawyers and paralegals in the Los Angeles area, especially given counsels' prior negotiation of a ten percent discount with Defendants.[2] (McNamara Decl., Ex's. K-N.) Taking into account the foregoing considerations, the amount of attorney's fees requested shall be reduced by $8,579 ($6,779.03 for half of C. Robinson's time drafting the Motion to Dismiss at $373.50 per hour, $747 for two hours of C. Robinson's time working on *Forever Dawn* at $373.50 per hour, and $1,053 for two hours of E. McNamara's time working on *Forever Dawn* at $526.50 per hour).

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion for Attorney Fees is **GRANTED**, but the

---

[2] Defendants' counsel therefore charged $526.50 per hour of E. McNamara's time and $373.50 per hour of C. Robinson's time. (McNamara Decl. ¶¶ 18, 20.)

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6076 ODW (RZx) | Date | June 21, 2010 |
|---|---|---|---|

| Title | *Jordan Scott v. Stephenie Meyer, et al.* |
|---|---|

amount requested shall be modified to reflect a reduction in the number of hours billed. Accordingly, Defendants' shall recover costs and attorney's fees in the amount of **$80,097.19, inclusive of $4,797.50 in costs.**

IT IS SO ORDERED.

                                                                                                                            : 00

Initials of Preparer     RGN